IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| DANIEL IVAN SKINNER, | CV-08-120-BLG-RFC |
| Petitioner, | |
| vs. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, Montana State Prison; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On February 2, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends the Petition be denied on the merits.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the February 2, 2011 Findings and Recommendation.[1] Failure to object to a magistrate judge's findings and recommendation waives all

---

[1] Petitioner did request and was granted two extensions of time in which to file any objections he might have had. No objections were received.

1

objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Skinner was convicted of incest in June of 2005. On November 21, 2005, he was sentenced to serve 60 years in prison. Skinner appealed his conviction. On July 17, 2007, the Montana Supreme Court affirmed his conviction. *State v. Skinner*, 163 P.3d 399, 404 ¶ 38 (Mont. 2007). On April 9, 2008, Skinner filed a petition for post-conviction relief in the trial court. It was denied on August 15, 2008. Skinner did not appeal that disposition. He applied for but ultimately waived sentence review. Skinner signed his federal habeas petition and deposited it in the prison mail system on November 1, 2008.

Skinner makes several allegations in his habeas petition. First, Skinner contends that the State's evidence was not sufficient to prove sexual contact or a biological relationship between him and T (the victim). Second, Skinner claims his right to confrontation was violated when the trial court restricted his cross-examination of Detective Horton. Third, Skinner alleges that the trial court violated his right to a fair trial when it commented that he could take his argument to the Montana Supreme Court. Fourth, Skinner alleges that his sentence amounts to cruel and unusual punishment. Finally, Skinner claims that he can show "actual

innocence" because the polygraph examiner believed he was being truthful when he said he did not "put [his] hands down [T.'s] pants."

Not all of Skinner's claims were addressed by the Montana Supreme Court. As to those that were, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the scope of this Court's review. Skinner may obtain relief if the state court's denial of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court's denial was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [its] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court's decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407.

3

The United States Supreme Court recently reaffirmed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long a 'fairminded jurists could disagree' on the correctness of the state court's decision" and that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, __ U.S. __, No. 09-587, slip op. at 11-12 (U.S. Jan. 19, 2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The Court further explained:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington v. Richter*, supra, slip op. at 13.

First, Skinner argues that the state did not prove the element of sexual contact because it "did not fullfill [sic] the state of mind element. *Court Doc. 2-2 at 6*. The Montana Supreme Court considered this claim and determined that there was sufficient circumstantial evidence for the jury to infer arousal. *Skinner*, 163 P.3d at 402 ¶ 24. There was no evidence and no argument that the purpose behind the act was anything other than sexual arousal.

Second, Skinner's claim that the state did not prove a "blood relationship" is off because Skinner himself testified that T. is his biological daughter. Trial Tr. 957:18-20, 977:21-23.

Third, Skinner's assertion that the trial court unfairly limited his cross-examination is without merit. All of the evidence Skinner needed to make his argument was in the record. This was not an instance where Skinner was prejudiced by "den[ying] the jury sufficient information" to determine the facts, *Murdoch v. Castro*, 489 F.3d 1063, 1069 (9th Cir. 2007) (quoting *United States v. Bridgeforth*, 441 F.3d 864, 888 (9th Cir. 2006), and *United States v. Holler*, 411 F.3d 1061, 1066 (9th Cir. 2005)), or in some other way had a "substantial and injurious effect or influence in determining the jury's verdict," *Plascencia v. Alameida*, 467 F.3d 1190, 1202 (9th Cir. 2006) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Fourth, the trial court's comment during trial, "[t]he Supremes can read it," was merely the judge's direction for counsel to move on. It was procedural in nature and not substantive. The Montana Supreme Court reasonably concluded that "it is unlikely that any juror inferred guilt" from the trial court's brief comment and the comment "did not compromise the integrity of the judicial process." *Skinner*, 163 P.3d at 404 ¶ 37.

Fifth, Skinner's Eighth Amendment claim fails. Considering the seriousness of Skinner's crime, the punishments for other crimes authorized under Montana law, and the penalties authorized by other jurisdictions for persons who commit acts like Skinner's, the punishment imposed is not unconstitutionally disproportionate.

Finally, to support an actual innocence claim, Skinner must show compelling evidence that, along with all the other evidence in the case, make it more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 327 (1995). Skinner states that the polygraph evidence prove his actual innocence. It is not tenable to claim that the polygraph evidence was wrongly excluded. Polygraph evidence is not admissible in any court proceeding under Montana law, *State v. Hameline*, 188 P.3d 1052, 1055 ¶¶ 17-19 (Mont. 2008) and the federal Constitution does not require its admission. *United States v. Scheffer*, 523 U.S. 303, 309 (1998).

With regard to a certificate of appealability, reasonable jurists could find no viable ground for relief in Skinner's petition. There is no substance to his claims that his constitutional rights were violated. There is no reason to encourage further proceedings. A certificate of appealability is not warranted.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** Skinner's Petition (Doc. 1) is **DISMISSED**. The Clerk of Court is directed to enter Judgment in favor of Respondents and against Petitioner and close this matter accordingly. A certificate of appealability is **DENIED**.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 9th day of June, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE